UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGERLINE TOWNSON,

    Plaintiff,

v.                                  Case No. 3:23-cv-590-TJC-MCR

BRINKER FLORIDA, INC. and
RAMCO JACKSONVILLE, LLC,

    Defendants.

## ORDER

This case is before the Court on sua sponte review of Defendant Ramco Jacksonville, LLC's Notice of Removal (Doc. 1). Ramco invokes diversity of citizenship but has failed to establish the jurisdictional amount in controversy. Id. ¶ 4; cf. 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). Ramco argues that the amount in controversy exceeds $75,000 because (1) Plaintiff's Florida state court civil cover sheet indicates an amount exceeding $100,000; (2) Plaintiff's state court complaint, in general fashion, alleges past and ongoing bodily injury and medical, psychological, and economic damages; and (3) Plaintiff refuses to stipulate that she is not seeking more than $75,000. (Doc. 1 ¶¶ 11–15). None of these three arguments, individually or in combination, satisfy Ramco's burden to show an amount in controversy exceeding $75,000.

When amending the Florida Rules of Civil Procedure, the Florida Supreme Court made explicit that the "estimated amount of the claim" portion of Florida's civil cover sheet is "for data collection and clerical processing purposes only" and "shall not be used for any other purpose." In re Amends. to Fla. Rules of Civ. Proc., Fla. Small Claims Rules, & Fla. Rules of App. Proc.-Jurisdiction, 302 So. 3d 811, 812–13 (Fla. 2020). Ramco's reliance on the civil cover sheet does not satisfy the amount in controversy here. See Newman v. Wal-Mart Stores E., L.P., No. 3:23-cv-81-MMH-MCR, 2023 WL 2435814, at *3 (M.D. Fla. Feb. 28, 2023) (collecting cases).

Likewise, the alleged injuries and damages in the state court complaint lack any detail to support Ramco's jurisdictional claims. Plaintiff generally alleges "bodily injury," "disability," "expenses of hospitalization," and "loss of earnings," among other similar claims. E.g. (Doc. 1-1 ¶¶ 17, 27, 37, 47). But the state court complaint provides no further detail on the types of injuries, costs of medical treatment, or loss of earnings. Defendants cannot establish the jurisdictional amount in controversy from general, conclusory allegations alone. See Williams v. Best Buy Co., 269 F.3d 1316, 1319–20 (11th Cir. 2001).

Finally, Plaintiff's refusal to stipulate that she will not seek more than $75,000 is inconsequential. Although this is a factor a court may consider, "a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320. Given the

2

weakness of Ramco's other two amount-in-controversy arguments, Plaintiff's refusal to stipulate does not tip the scales.

The Court requires more information before it can determine whether the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED:**

Defendant Ramco Jacksonville, LLC is directed to file a jurisdictional supplement of no more than seven pages no later than **June 16, 2023**. If Defendant fails to supplement the Notice of Removal, the Court will remand the case.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of May, 2023.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies:

Counsel of record

3